[Cite as *State v. Polk*, 2022-Ohio-706.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

                             No. 109826

    v.                          :

LAMAR POLK,                             :

    Defendant-Appellant.        :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:**  AFFIRMED IN PART; VACATED IN PART;
                  AND REMANDED
**RELEASED AND JOURNALIZED:**  March 10, 2022

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-19-642808-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Daniel A Cleary, Assistant Prosecuting Attorney, *for appellee.*

Jeffrey M. Gamso, *for appellant.*

SEAN C. GALLAGHER, A.J.:

{¶ 1} Defendant-appellant Lamar Polk brings this appeal challenging his indefinite sentence, imposed under the Reagan Tokes Act, with a minimum prison term of 17 years and a maximum prison term of 25.5 years.  Polk argues that the

Reagan Tokes Law is unconstitutional, the trial court erred in calculating the maximum prison term, and that he was denied his constitutional right to the effective assistance of counsel. For the following reasons, we overrule Polk's challenges to the Reagan Tokes Law but vacate Polk's convictions for voluntary manslaughter, a first-degree felony in violation of R.C. 2903.03(A), which included a five-year firearm specification, and discharge of a firearm on or near prohibited premises, a first-degree felony in violation of R.C. 2923.162(A)(3), and remand for further proceedings.

{¶ 2} The instant matter pertains to the murder of Tavion Hollins on July 21, 2019. On August 19, 2019, Polk was charged for his involvement in Hollins's death.

{¶ 3} The parties reached a plea agreement during pretrial proceedings. On April 23, 2020, the trial court held a change-of-plea hearing. In outlining the terms of the plea agreement, the prosecutor asserted that the Reagan Tokes Law applied to the proposed amendments to Count 1, amending murder to voluntary manslaughter, and Count 4, discharging a firearm on or near prohibited premises. The prosecutor explained that the voluntary manslaughter and discharging a firearm offenses are both felonies of the first degree and that both offenses "carry with it the possibility of three to 16-and-a-half years in prison." (Tr. 5.) The prosecutor also advised appellant and the trial court that Sierah's Law applied to the voluntary manslaughter offense charged in Count 1 and that Polk "will have to register as a violent offender in the State of Ohio." (Tr. 6.)

**{¶ 4}** Following the prosecutor's recitation of the plea agreement, defense counsel objected to the "Reagan Tokes aspect of the plea for the record[.]" (Tr. 7.)

**{¶ 5}** The trial court advised Polk that he would face indefinite sentences on the voluntary manslaughter and discharging a firearm on or near prohibited premises offenses under the Reagan Tokes Act. (Tr. 11-12.) The trial court explained that Polk would face indefinite prison sentences on these counts with a minimum prison term of three years and a maximum prison term of 16 and one-half years; that the five-year firearm specification underlying Count 1 would run consecutively to the indefinite sentence on the voluntary manslaughter offense, and that the five-year firearm specification underlying Count 4 would run concurrently with the five-year firearm specification on Count 1.

**{¶ 6}** The trial court also advised Polk that as a result of the plea agreement and his voluntary manslaughter conviction, he would have to register as a violent offender pursuant to R.C. 2903.41. (Tr. 15.) Defense counsel objected to the violent-offender designation. (Tr. 15.)

**{¶ 7}** Polk pled guilty to voluntary manslaughter (amended Count 1), a first-degree felony in violation of R.C. 2903.03(A), with a five-year firearm specification; discharge of a firearm on or near prohibited premises (amended Count 4), a first-degree felony in violation of R.C. 2923.162(A)(3), with a five-year firearm specification; improperly handling firearms in a motor vehicle (amended Count 6), a fourth-degree felony in violation of R.C. 2923.16(B); and having weapons while

under disability (Count 8), a third-degree felony in violation of R.C. 2923.13(A)(2). The remaining counts and specifications charged in the indictment were nolled.

{¶ 8} After appellant tendered his plea, the trial court reviewed his duties to enroll as a violent offender under R.C. 2903.01. The trial court provided the form to defense counsel that detailed the enrollment duties. The trial court advised Polk of his duty to enroll as a violent offender pursuant to R.C. 2903.41 et seq. The trial court did not, however, advise Polk that he could file a motion to rebut the presumption of enrollment or review the information set forth in R.C. 2903.02. (Tr. 20-22.)

{¶ 9} The trial court advised Polk about the Reagan Tokes Law and that it applied to Counts 1 and 4. Finally, the trial court ordered a presentence-investigation report and set the matter for sentencing.

{¶ 10} The trial court held a sentencing hearing on June 19, 2020. The trial court noted defense counsel's objection to the constitutionality of the Reagan Tokes Law and the application of Sierah's Law. The trial court confirmed that the five-year firearm specifications underlying Counts 1 and 4 would run concurrently, but that the indefinite sentence on Count 4 ran consecutively to the indefinite sentence on Count 1. (Tr. 28-29.)

{¶ 11} Regarding Polk's duty to register as a violent offender under Sierah's Law, R.C. 2903.41, the trial court stated, "[w]e had a notice of duties to enroll sent over to [Polk] in the jail." (Tr. 29.) Polk confirmed receiving the form but indicated

that he had not signed it. The trial court reviewed the form and registration duties with Polk.

{¶ 12} The trial court imposed an indefinite prison term pursuant to the Reagan Tokes Law, with a minimum prison term of 17 years and a maximum prison term of 25.5 years: an 11-year minimum term of imprisonment on Count 1, consecutive to the 5-year firearm specification; a minimum 6-year term of imprisonment on Count 4; 1.5 years on Count 6; and 3 years on Count 8. The trial court ordered Counts 1 and 4 to run consecutively to one another, but concurrently with Counts 6 and 8.

{¶ 13} The trial court's June 19, 2020 sentencing journal entry provides, in relevant part, "[d]efendant was advised of his duty to report as a violent offender[.]"

{¶ 14} On July 14, 2020, Polk filed the instant appeal challenging the trial court's sentence. He assigns three errors for review:

> I. The indefinite sentencing scheme set forth in the Reagan Tokes Act and imposed by the trial court in this case violates the federal and state [c]onstitutions.
>
> II. The aggregate indefinite sentence of 17 to 25.5 years is not authorized by statute and is therefore contrary to law.
>
> III. Mr. Polk was denied his right to the effective assistance of counsel as protected by the Sixth and Fourteenth Amendments to the United States Constitution and by Article I, Section 10 of the Ohio Constitution[.]

## I. Law and Analysis

### A. Reagan Tokes Law

{¶ 15} As noted above, the trial court sentenced Polk pursuant to the indefinite sentencing scheme set forth under the Reagan Tokes Law. In his first assignment of error, Polk claims, citing the Fourteenth Amendment to the United States Constitution and Article I, Section 16, of the Ohio Constitution, (1) that the Reagan Tokes Law violates the right to trial by jury (2) that the Reagan Tokes Law violates the separation-of-powers doctrine, or (3) that R.C. 2967.271(C) and (D), which provide offenders with the right to a hearing before imposition of the maximum term imposed under R.C. 2929.144, fail to provide the full panoply of constitutional pretrial rights in violation of their due process rights.

{¶ 16} We need not dwell on the arguments presented as to the constitutional validity of the Reagan Tokes Law. Based on the authority established by this district's en banc holding in *State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470, the challenges Polk advanced against the constitutional validity of the Reagan Tokes Law have been overruled and the law as defined under R.C. 2901.011 has been deemed to be enforceable. *See id.* at ¶ 17-51. Polk does not advance any novel argument left unaddressed by the *Delvallie* decision. As a result, Polk's convictions for voluntary manslaughter in Count 1, and discharge of a firearm on or near prohibited premises, as charged in Count 2, with sentences imposed under the Reagan Tokes Law, are not unconstitutional.

{¶ 17} With respect to Polk's second assignment of error pertaining to the imposition of the sentences under R.C. 2929.144, the state concedes the error. The trial court imposed non-life indefinite sentences on two qualifying felony offenses: a minimum term of 11 years for the underlying sentence on the involuntary manslaughter conviction and a minimum term of 6 years on the unlawful discharge of a firearm — both minimums were imposed under R.C. 2929.14(A)(1)(a). The trial court aggregated the two indefinite sentences, for a combined term of 17-25.5 years. R.C. 2929.144(B)(2) provides:

> If the offender is being sentenced for more than one felony, if one or more of the felonies is a qualifying felony of the first or second degree, and if the court orders that some or all of the prison terms imposed are to be served consecutively, the court shall add all of the minimum terms imposed on the offender under division (A)(1)(a) or (2)(a) of section 2929.14 of the Revised Code for a qualifying felony of the first or second degree that are to be served consecutively and all of the definite terms of the felonies that are not qualifying felonies of the first or second degree that are to be served consecutively, *and the maximum term shall be equal to the total of those terms so added by the court plus fifty per cent of the longest minimum term or definite term for the most serious felony being sentenced.*

(Emphasis added.) Thus, under the plain language of the statute, the maximum term for the qualifying felony offenses is equal to the total aggregate of the minimum and definite terms to be consecutively served (the 11 years on Count 1 and the six years on Count 4), plus 50 percent of the longest minimum or definite term for the most serious felony offense, which in this case is the 11-year term imposed on the involuntary manslaughter count. Thus, the maximum term should be 22.5 years (11 + 6 + 5.5). The maximum term should be 22.5 years, so that the indefinite term on

the qualifying non-life indefinite sentences is 17-22.5 years in consideration of the concurrent service of the remaining, lesser sentences.

{¶ 18} On this issue, we vacate the two convictions for involuntary manslaughter and the wrongful discharge of a firearm and remand for the sole purpose of imposing the proper maximum-term sentence.

## B. Ineffective Assistance of Counsel

{¶ 19} In his third assignment of error, Polk argues that he was denied his constitutional right to effective assistance of counsel.

{¶ 20} To succeed on an ineffective assistance of counsel claim, a defendant must establish that counsel's performance was deficient and that the defendant was prejudiced by counsel's deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Counsel will only be considered deficient if his or her conduct fell below an objective standard of reasonableness. *Id.* at 688. The defendant must also demonstrate that he or she was prejudiced by counsel's ineffectiveness. *Id.* at 694.

{¶ 21} In reviewing an ineffective assistance of counsel claim, this court must be highly deferential to counsel's performance and "must indulge a strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance." *Id.* at 689. In order to establish prejudice, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.*

at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

{¶ 22} Polk further argues that counsel's failure to file a motion to rebut the presumption of enrollment in the violent offenders' database ("VOD") under R.C. 2903.42 constituted deficient performance. Polk contends that he was prejudiced by counsel's failure to file a motion to rebut the presumption of enrollment because the record supported counsel's argument at sentencing that Polk was a "follower" and his codefendant Kelly Quarles was "the leader of this event." (Tr. 43.) After reviewing the record, we disagree.

{¶ 23} As an initial matter, we note that Polk preserved the issue regarding R.C. 2903.42 for appellate purposes. *See, e.g., State v. McKee*, 91 Ohio St.3d 292, 294, 744 N.E.2d 737 (2000), citing Crim.R. 52(B) and *State v. Johnson*, 88 Ohio St.3d 95, 111, 723 N.E.2d 1054 (2000) (issues and errors that are not brought to the trial court's attention are ordinarily waived, except for plain error, and may not be raised on appeal). As noted above, defense counsel objected to the application of R.C. 2903.41 and Polk's designation as a violent offender during the change-of-plea hearing. (Tr. 15.) During the sentencing hearing, the trial court noted defense counsel's objection to Sierah's Law and its application in this case on the record. (Tr. 33.)

{¶ 24} On March 20, 2019, R.C. 2903.41 et seq., commonly known as Sierah's Law, became effective. *See* 2018 Am.Sub.S.B. No. 231. Sierah's Law created a violent offender database and requires violent offenders convicted of specified

offenses, including voluntary manslaughter, to enroll in the VOD. Sierah's Law creates a presumption that violent offenders enroll in the VOD, and provides enrollment for a minimum of ten years. Reenrollment in the VOD is required on an annual basis.

{¶ 25} In the instant matter, Sierah's Law was effective at the time appellant committed the voluntary manslaughter offense on July 21, 2019.

{¶ 26} R.C. 2903.42(A)(1), governing enrollment in the VOD, provides,

(1) For each person who is classified a violent offender, it is presumed that the violent offender shall be required to enroll in the violent offender database with respect to the offense that so classifies the person and shall have all violent offender database duties with respect to that offense for ten years after the offender initially enrolls in the database. The presumption is a rebuttable presumption that the violent offender may rebut as provided in division (A)(4) of this section, after filing a motion in accordance with division (A)(2)(a) or (b) of this section, whichever is applicable. Each violent offender shall be informed of the presumption established under this division, of the offender's right to file a motion to rebut the presumption, of the procedure and criteria for rebutting the presumption, and of the effect of a rebuttal and the post-rebuttal hearing procedures and possible outcome, as follows:

(a) If the person is classified a violent offender under division (A)(1) of section 2903.41 of the Revised Code, the court that is sentencing the offender for the offense that so classifies the person shall inform the offender before sentencing of the presumption, the right, and the procedure, criteria, and possible outcome.

{¶ 27} Polk was classified as a violent offender under R.C. 2903.41(A)(1) based on his voluntary manslaughter conviction, a violation of R.C. 2903.03(A). Accordingly, the trial court was required to provide the advisements set forth in R.C. 2903.42(A)(1)(a) — the presumption established under this division, of the offender's right to file a motion to rebut the presumption, of the procedure and

criteria for rebutting the presumption, and of the effect of a rebuttal and the post-rebuttal hearing procedures and possible outcome — before the sentencing hearing. The record reflects that the trial court failed to do so.

{¶ 28} Nevertheless, after reviewing the record, we find that Polk's ineffective assistance claim fails under the second *Strickland* prong, because he cannot demonstrate prejudice, or that but for counsel's failure to file a motion to rebut the presumption of enrollment in the VOD, the trial court would not have ordered Polk to register as a violent offender and enroll in the VOD.

{¶ 29} As noted above, Polk was charged in Count 1 as a principal offender, rather than a conspirator, with murder.  Polk pled guilty to an amended Count 1, voluntary manslaughter.

{¶ 30} Because Polk pled guilty, the factual information in the record regarding the July 21, 2019 shooting is limited.  The state's brief provides, however, that during the argument, "both [Polk] and Quarles opened fire on Hollins." Appellee's brief at 3.  Quarles was shooting a 9 mm handgun, and Polk was shooting a .40-caliber handgun.  Investigators recovered spent cartridge casings at the scene from both handguns.  (Tr. 39-40.)  Accordingly, the record reflects that Polk and Quarles were principal co-offenders.

{¶ 31} In order to rebut the presumption of enrollment in the VOD, Polk is required to prove, by a preponderance of the evidence, that he was not the principal offender in the commission of the voluntary manslaughter offense.  R.C. 2903.42(A)(2), (4).  By pleading guilty to voluntary manslaughter as a principal

co-offender, Polk cannot rebut the presumption of enrollment in the VOD. Accordingly, even if defense counsel had filed a motion to rebut the presumption of enrollment in the VOD, the motion would have been futile. "[T]he failure to do a futile act cannot be the basis for claims of ineffective assistance of counsel, nor could such a failure be prejudicial." *State v. Powell*, 2019-Ohio-4345, 134 N.E.3d 1270, ¶ 69 (8th Dist.), citing *State v. Kilbane*, 8th Dist. Cuyahoga No. 99485, 2014-Ohio-1228, ¶ 37.

{¶ 32} For all of the foregoing reasons, Polk's ineffective assistance claim regarding counsel's failure to file a motion to rebut the presumption of enrollment in the VOD fails. Polk's third assignment of error is overruled.

## II. Conclusion

{¶ 33} After thoroughly reviewing the record, we affirm in part, vacate in part, and remand for further proceedings consistent with this opinion. The indefinite sentencing scheme established by the Reagan Tokes Law is not unconstitutional in light of *Delvallie*. Otherwise, Polk was not denied his constitutional right to effective assistance of counsel.

{¶ 34} Judgment affirmed in part, vacated in part, and remanded.

It is ordered that appellant and appellee share costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's

conviction having been affirmed, any bail pending is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

SEAN C. GALLAGHER, ADMINISTRATIVE JUDGE

MICHELLE J. SHEEHAN, J., CONCURS;
LISA B. FORBES, J., CONCURS IN JUDGMENT ONLY

N.B. Judge Lisa B. Forbes is constrained to apply *Delvallie*. For a full explanation, *see State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470 (Forbes, J., dissenting).